UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Merrill Lynch, Pierce, Fenner
& Smith Incorporated,

     Plaintiff,

v.                            Case No. 13-14360

Geoffrey Orbach,            Sean F. Cox
                             United States District Judge

     Defendant.
_____/

**ORDER**
**DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND**
**DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE**
**DISMISSED FOR LACK OF JURISDICTION**

This matter having come before the Court on Plaintiff's Motion for Temporary

Restraining Order, and the Court having held a hearing on October 22, 2013, the Court hereby

**DENIES** Plaintiff's Motion for a Temporary Restraining Order.

Plaintiff previously filed another action against Defendant, Case No. 13-13996. This

Court held a status conference in that case, after which the parties reached an agreement

regarding certain disputed clients. Thereafter, the parties dismissed that case without prejudice.

On October 16, 2013, Plaintiff filed this action, Case No. 13-14360. Plaintiff's Complaint

in this action asserts the following claims: "Injunctive Relief" (Count I); "Breach of Contract"

(Count II); "Misappropriation of Trade Secrets" (Count III); "Conversion" (Count IV); "Breach

of Duty of Loyalty" (Count V); "Unfair Competition" (Count VI); "Breach of Standstill

Agreement" (Count VII); and "Breach of Contract – 9/24/2013 Affidavit" (Count VIII).

Count I does not state an independent claim because injunctive relief is a remedy for a

1

claim, not a cause of action. *LaBorde v. City of Gahanna,* __ F.Supp.2d __, 2013 WL 2181372 (S.D. Ohio. 2013); *Terlecki v. Stewart*, 278 Mich.App. 644, 663 (2008). Thus, Plaintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy.

Moreover, although Plaintiff's Complaint lists multiple substantive claims purportedly asserted against Defendant in this action, the Complaint also indicates that all of the substantive claims are subject to arbitration held pursuant to Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure. Further, it appears undisputed, from the parties' papers and statements during oral argument and status conferences, that Counts II through VIII of Plaintiff's Complaint are subject to arbitration and that the arbitration has *already commenced*. It therefore appears that there are no substantive counts over which this Court has jurisdiction.

Nevertheless, Plaintiff filed a motion seeking a temporary restraining order on October 17, 2013. That motion asserts that Defendant breached the "standstill agreement" negotiated by the parties in Case No. 13-13996, by virtue of Defendant's wife having sent an e-mail to a client that is in dispute. Defendant contends that the sole e-mail at issue, which states that Defendant cannot contact the client at issue regarding business until the dispute with Plaintiff has been resolved, cannot be construed as a solicitation of business. Plaintiff also submitted a Declaration asserting that Defendant contacted three additional clients (whose names were redacted), in an unspecified manner, and without providing the content of the alleged communications.

Plaintiff bears the very heavy burden of demonstrating its entitlement to a temporary restraining order as it is an *extraordinary remedy* that should only be granted if the movant carries its burden of proving the circumstances clearly demand it. This Court concludes that

2

Plaintiff has failed to demonstrate that this extraordinary remedy is warranted under the circumstances presented here.  This is especially so, given that the parties are currently arbitrating Plaintiff's substantive claims and may seek injunctive relief, as well as damages, in that proceeding.

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE**, in writing, no later that **October 29, 2013, at 5:00 p.m.**, why this Court should not dismiss this case for lack of jurisdiction.  If Plaintiff contends that this Court has jurisdiction to issue injunctive relief in this action, or proceed further in this action given that the parties are arbitrating all substantive claims, Plaintiff shall provide *Sixth Circuit authority* to support that assertion.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

3