UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Merrill Lynch, Pierce, Fenner
& Smith Incorporated,

    Plaintiff,

v.                                                              Case No. 13-14360

Geoffrey Orbach,                           Sean F. Cox
                                                                  United States District Judge

    Defendant.
_____/

## ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING REMAINING CLAIMS FOR LACK OF JURISDICTION

        Plaintiff previously filed another action against Defendant, Case No. 13-13996. This Court held a status conference in that case, after which the parties reached an agreement regarding certain disputed clients. Thereafter, the parties dismissed that case without prejudice.

        On October16, 2013, Plaintiff filed this action, Case No. 13-14360. Plaintiff's Complaint in this action asserts the following claims: "Injunctive Relief" (Count I); "Breach of Contract" (Count II); "Misappropriation of Trade Secrets" (Count III); "Conversion" (Count IV); "Breach of Duty of Loyalty" (Count V); "Unfair Competition" (Count VI); "Breach of Standstill Agreement" (Count VII); and "Breach of Contract – 9/24/2013 Affidavit" (Count VIII).

        On October 16, 2013, Plaintiff also filed a Motion for Temporary Restraining Order. (Docket Entry No. 2).

        In an Opinion & Order issued on October 22, 2013, this Court denied Plaintiff's Motion for a Temporary Restraining Order. (Docket Entry No. 10). That motion asserted that

1

Defendant breached the "standstill agreement" negotiated by the parties in Case No. 13-13996, by virtue of Defendant's wife having sent an e-mail to a client that is in dispute. Defendant argued that the sole e-mail at issue, which states that Defendant cannot contact the client at issue regarding business until the dispute with Plaintiff has been resolved, cannot be construed as a solicitation of business. Plaintiff also submitted a Declaration asserting that Defendant contacted three additional clients (whose names were redacted), in an unspecified manner, and without providing the content of the alleged communications. In denying Plaintiff's motion, this Court explained:

> Plaintiff bears the very heavy burden of demonstrating its entitlement to a temporary restraining order as it is an *extraordinary remedy* that should only be granted if the movant carries its burden of proving the circumstances clearly demand it. This Court concludes that Plaintiff has failed to demonstrate that this extraordinary remedy is warranted under the circumstances presented here. This is especially so, given that the parties are currently arbitrating Plaintiff's substantive claims and may seek injunctive relief, as well as damages, in that proceeding.

(*Id*. at 2-3). Having denied that motion, this Court further ordered Plaintiff to show cause, in writing, why this Court should not dismiss this case for lack of jurisdiction. In that Show Cause Order, this Court explained:

> Count I does not state an independent claim because injunctive relief is a remedy for a claim, not a cause of action. *LaBorde v. City of Gahanna*, __ F.Supp.2d __, 2013 WL 2181372 (S.D. Ohio 2013); *Terlecki v. Stewart*, 278 Mich.App. 644, 663 (2008). Thus, Plaintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy.
> Moreover, although Plaintiff's Complaint lists multiple substantive claims purportedly asserted against Defendant in this action, the Complaint also indicates that all of the substantive claims are subject to arbitration held pursuant to Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure. Further, it appears undisputed, from the parties' papers and statements during oral argument and status conferences, that Counts II

> through VIII of Plaintiff's Complaint are subject to arbitration and that the arbitration has already commenced. It therefore appears that there are no substantive counts over which this Court has jurisdiction.

(*Id*. at 1-2). That Order stated that "[i]f Plaintiff contends that this Court has jurisdiction to issue injunctive relief in this action, or proceed further in this action given that the parties are arbitrating all substantive claims," Plaintiff shall provide relevant authority to support that position. (*Id*. at 3).

Plaintiff responded to the Show Cause Order on October 29, 2013. (Docket Entry No. 12). In addition, on October 30, 2013, Plaintiff filed a "Motion For Reconsideration Of Order Denying Temporary Injunctive Relief." (Docket Entry No. 13). In those submissions, Plaintiff argues that this Court has jurisdiction to issue a temporary restraining order in this action. Plaintiff does not dispute that this Court lacks jurisdiction to do anything in this action beyond ruling upon its request for a temporary restraining order.

Plaintiff's Motion for Reconsideration asserts that, after the parties' standstill agreement was entered into, and after this Court denied its motion seeking a temporary restraining order, Orbach has engaged in conduct that breaches the agreement. Merrill Lynch asserts that Orbach has sent "LinkedIn Invitations," that identify Orbach as Vice President - Financial Advisor at Ameriprise Financial Services, Inc., to persons he agreed he would not contact. (*See* Ex. B to Pl.'s Br.). Exhibit B is a single-page copy of one e-mail sent to an individual on October 28, 2013. The subject line of the e-mail reads "Geoffrey Orbach's invitation is awaiting your response." (*Id*.).

In response, Defendant agrees with Plaintiff that this Court has limited jurisdiction to enter a temporary restraining order in this action. But it asserts that this Court has already

3

considered that requested relief and denied it. Defendant contends that given the pendency of the arbitration, which will dispose of all of the claims raised in Plaintiff's complaint in this action, this lawsuit should be dismissed.

Defendant also contends that Plaintiff's Motion for Reconsideration should be denied because Plaintiff has not come forward with any new evidence that was not available to Plaintiff at the time it filed its last motion seeking a temporary restraining order. (Def.'s Br. at 6). Defendant disagrees with Plaintiff's assertion that it has "new" evidence, stating:

> This "new" evidence, according to Merrill Lynch, is an "October 28, 2013 . . . LinkedIn invitation to a Merrill Lynch customer." However, the purported LinkedIn invitation itself, attached as Exhibit "B" to Merrill Lynch's Motion for Reconsideration, is not only unverified (i.e. Merrill Lynch submitted no affidavit authenticating it or verifying when it was received), but reflects on its face that it was not sent by Mr. Orbach on October 28, 2013, as Merrill Lynch contends. At the top of the page, the Subject line of the message states "Geoffrey Orbach's invitation is awaiting your response." This is an *automated* message sent by LinkedIn to remind someone who has not responded to an *earlier* invitation that the invitation was previously extended but has not yet been acted upon.

(*Id*. at 7) (emphasis in original). Defendant asserts that Plaintiff has not submitted any evidence to establish when the actual invitation was sent and also asserts that the invitation would not have been a solicitation in violation of Mr. Orbach's team agreement.

Having considered Plaintiff's Motion for Reconsideration, this Court continues to conclude that Plaintiff has not met its heavy burden of demonstrating its entitlement to a temporary restraining order. The Court therefore **ORDERS** that Plaintiff's Motion for Reconsideration is **DENIED**.

Given that this Court has ruled upon Plaintiff's request for a temporary injunction, and given that the parties agree that all of Plaintiff's substantive claims are subject to binding

arbitration which is currently underway, this Court concludes that it lacks jurisdiction to proceed further in this action and shall **DISMISS** Plaintiff's claims against Defendant **WITHOUT PREJUDICE** so that this matter may be concluded in the FINRA arbitration proceeding that has already commenced.

    **IT IS SO ORDERED**.[1]

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: November 8, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2013, by electronic and/or ordinary mail.

    S/Jennifer McCoy
    Case Manager

---

[1] The Court also denies Defendant's request for attorneys fees, made in its November 6, 2013 brief. (Docket Entry No. 14 at 9-10).